08-4214-ag
Yang v. Holder

BIA
Gordon-Uruakpa, IJ
A095 710 424

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand eleven.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

QIN YANG, ALSO KNOWN AS YAM YEUNG,
        *Petitioner,*

        v.                                          08-4214-ag
                                                    NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,*
        *Respondent.*

_____

FOR PETITIONER:             Sheema Chaudhry, Law Offices of
                            Michael Brown, New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:    Tony West, Assistant Attorney
General; Russell J. E. Verby, Senior
Litigation Counsel; John D.
Williams, Trial Attorney, Office of
Immigration Litigation, Civil
Division, United States Department
of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
decision of the Board of Immigration Appeals ("BIA"), it is
hereby ORDERED, ADJUDGED, AND DECREED, that the petition for
review is DENIED.

Petitioner Qin Yang, a native and citizen of the
People's Republic of China, seeks review of a July 31, 2008,
order of the BIA affirming the October 12, 2006, decision of
Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, denying
her application for asylum, withholding of removal, and
relief under the Convention Against Torture ("CAT"). *In re
Qin Yang*, No. A095 710 424 (B.I.A. July 31, 2008), *aff'g* No.
A095 710 424 (Immig. Ct. N.Y. City Oct. 12, 2006). We
assume the parties' familiarity with the underlying facts
and procedural history of the case.

Under the circumstances of this case, we review the
IJ's decision as modified by the BIA decision. *See Xue Hong
Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.
2005). The applicable standards of review are well-
established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia
Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008);
*Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.  Adverse Credibility Determination

Substantial evidence supports the agency's adverse
credibility determination. The agency's adverse credibility
finding was based on several discrepancies among Yang's
testimony, statements at her credible fear interview, and
the evidence she submitted. Specifically, Yang stated
during her credible fear interview that she had not been
mistreated or harmed in China for any reason other than her
Christian beliefs and that she had never been arrested. In
her asylum application and her testimony before the IJ,
however, Yang stated that she was forced to have an abortion

2

for having violated China's family planning policy, and was arrested and beaten in 2005 for having participated in underground Christian church activities. Additionally, although Yang submitted a letter from a church stating that she had frequently attended religious activities there, Yang testified that she did not attend this church. The agency was entitled to rely on any discrepancy in finding Yang not credible, and it properly relied on these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3.

Furthermore, as the BIA found, there is no merit to Yang's argument that the statements she made during her credible fear interview were unreliable. But the record of Yang's credible fear interview bears "hallmarks of reliability." *See Ming Zhang v. Holder*, 585 F.3d 715, 724–25 (2d Cir. 2009). The agency's adverse credibility determination was supported by substantial evidence, and it did not err in denying Yang's application for asylum, withholding of removal, and CAT relief insofar as it was based on her claimed fear of persecution for her Christian beliefs or her claim of past persecution for her violation of China's family planning policy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Well-Founded Fear of Persecution Based on the Birth of Yang's Third Child

Substantial evidence also supports the agency's determination that Yang failed to establish a well-founded fear of persecution on account of the birth of her third child. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158-68 (2d Cir. 2008). Yang argues that she submitted a village committee notice establishing that the Chinese government will force her to be sterilized if she returns to China. We have previously found no error in the agency's conclusion that such evidence (that an applicant will be required to comply with the family planning policy's mandatory sterilization requirement) does not demonstrate that such sterilization will be carried out by force, particularly in light of significant country conditions evidence to the contrary. *See id.* at 165, 172. Indeed, as the IJ noted, the 2005 U.S. Department of State Profile on China indicates that there is no evidence that there have been cases of

3

forced abortions or sterilizations in Yang's home province of Fujian in the last ten years.  Because substantial evidence indicates that Yang's claimed fear of persecution was not objectively reasonable and because the agency did not overlook any record evidence favorable to Yang on this point, it reasonably denied Yang's application for asylum, withholding of removal, and CAT relief insofar as it was based on the birth of her third child.  *See* 8 U.S.C. § 1101(a)(42); *see also Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk